S. H. McFarland, Administrator, *v.* R. White.

In the absence of proof of the laws of another State where a judgment was rendered, our courts will give the same effect to the judgment, when a reconventional demand was set up, that would be given when a like demand is set up in our courts.

The sickness of counsel and inability to attend in person to the suit when it was tried, is no ground for annulling a judgment which was obtained without fraud by the opposite party.

APPEAL from the District Court of the Parish of Caddo, *Land, J.*
  *Crain & Nutt* and *Drew & Kilpatrick,* for plaintiff. *B. L. Hodge,* for defendant and appellant.

MERRICK, C. J.  The defendant instituted an action in the United States District Court in Texas, against the estate represented by the plaintiff, to recover several sums of money alleged to be due the defendant by the latter.  The defendant in that suit, and plaintiff in this, pleaded in bar of the same, among other things :

1st.  That the demand had not been presented to him as administrator within twelve months, as required by the laws of Texas.

2d.  The limitation or prescription of four years.

3d.  That the allegations in the plaintiff's petition are not true.

The answer, after setting forth further special defences, and praying judgment upon the same, prayed also for judgment against the plaintiff (after allowing him one credit) for several sums, amounting to $3,100 09, and for general relief.

At the April term, 1855, at Tyler, in Texas, a jury was empanneled, and in the absence of plaintiff's (*White's*) counsel, the case was tried and a judgment for $3,200 15 was rendered against *White,* the counsel remitting $100 of the same.

The defendant in the suit in Texas, instituted this action upon the judgment in his favor in the District Court, for the parish of Caddo, in January, 1856.

The defendant, *White,* alleges in his answer (and has verified it by his oath,) that after entrusting his claims to *Mr. Hill,* his attorney in Texas, that he heard nothing concerning them, until he was called on to settle the judgment against him.  That he was never notified of the reconventional demands made against him, and that his attorney was not acquainted with the fact of such demands being made.  He avers that he " was not in any manner indebted to the said *John W. Scott* or his estate, and that if he had been advised of the demands being made against him by the defendant in the aforesaid suit in Texas, *he could and would have proved that they were totally unfounded.*  He then avers that when the judgment was rendered in the United States Court against him, his attorney, *Mr. Hill, was sick, and confined to his bed in Marshall.*

Upon the trial of the present suit, defendant offered *Mr. Crain* as a witness to prove, " that in the year 1845, *subsequent to the time* when it is averred in the answer of defendant in the suit in the United States Court, *that the obligations of the present defendant arose,* he, witness, heard *John W. Scott* declare, *explicitly,* that the present defendant, *White, was not indebted to him,* but that he, said *Scott would be owing* to said *defendant White any amount* that said *White* would have to pay upon the judgment of *Woodruff* v. *White,* and *W. T. Scott* v. *White et al.* filed in evidence in this suit."  The plaintiff objected to this, upon the ground

" that it is not competent to offer evidence to question the validity of the judgment rendered in the United States District Court in Texas."

The reconventional demands of the defendant *White*, in this case, are substantially the same, as the cause of action set up in his petition in the suit in the District Court in Texas. Judgment was rendered in favor of plaintiff for $3,100 15 and interest, but the Judge *a quo* gave the defendant judgment upon his reconventional demands for the following sums, to wit : $200 with five per cent. from the 8th of May, 1848, and $500 with five per cent. interest from the 10th July 1848, and $334 82 with like interest from 14th of May, 1849 ; and the further sum of $335, with like interest from the 5th of February, 1848, and allowed them to compensate to that extent the plaintiff's judgment for $3,100 15.

The defendant appealed ; and the plaintiff has, by his answer to the appeal, prayed for an amendment of the judgment, so as to reject the sums allowed the defendant by way of reconvention.

The appellant claims a reversal of the judgment, in substance, on two grounds, viz : That the defendant had no notice of the reconventional demand against him in the suit in Texas, and that the judgment is inequitable, inasmuch as the defendant was prevented by accident from availing himself of his defence, against the reconventional demand of the administrator, and as a court of equity will relieve in a like case, the same relief ought to be extended by our own courts.

It seems to us, in the absence of the proof of the law of Texas on the subject, that we must give the same effect to the reconventional demand in the Texas suit, that we would give to a like demand in our own courts. The plaintiff is considered as in court, and bound to take notice of all adverse proceedings and defences set up in the cause which he has commenced and is prosecuting against his adversary.

On the other ground raised by appellants counsel, we think, from the form of the issue tendered the plaintiff by the defendant's plea in the United States District Court, that the single judgment rendered was responsive to the issue, and a bar to any further suit upon the same demands. When rendered, it became conclusive upon the parties until set aside by an appeal or some suit in chancery or at law, to annul the same.

And if our courts will, in any case, entertain a demand in nullity by way of an answer upon a judgment rendered in another State, in the absence of proof of the laws of that State, it must be upon stronger allegations than those set up in this case. We are clearly of the opinion that the sickness of *White's* counsel, *Mr. Hill*, and his neglect or inability to attend in person the case when tried, is no ground for annulling the judgment of the courts of another State. His sickness might have been a good ground of continuance had it been made known to the court, and a continuance applied for, but certainly it is not a ground under our law, no other being in evidence, to annul a judgment obtained without fraud by the opposite party.

The Judge of the District Court, therefore, did not err in excluding *Mr. Crain's* testimony.

But we have already said we consider the judgment responsive to the issue made, and it is also conclusive against the demands which the defendant now endeavors to set up by way of reconvention, and he should not have been allowed the several credits above mentioned.

It is ordered, adjudged and decreed by the court, that the judgment of the lower

court be amended in favor of the plaintiff and appellee, so as to reject entirely the defendants reconventional demand ; and that the judgment appealed from, awarding the plaintiff the sum of $3,100 15 and eight per cent. interest thereon from April, 1855, be affirmed ; the defendant and appellant paying the costs of appeal.